**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javier Arellano, | No. CV-16-03423-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of San Luis, et al., | |
| Defendants. | |

Plaintiff Javier Arellano filed a complaint against numerous Defendants seeking monetary and equitable relief for an alleged violation of his rights under the Fourteenth Amendment to the U.S. Constitution. Doc. 1. The Court granted motions to dismiss the first amended complaint against all but one Defendant. Doc. 89. Although the Court's reasoning varied for each Defendant, one finding was recurrent: Plaintiff failed to allege sufficient facts to state a plausible claim. *Id.*

The Court granted leave to amend, and Plaintiff filed a second amended complaint. Doc. 92. Defendants again seek dismissal under Rule 12(b)(6). Docs. 94, 95. The motions are fully briefed, and no party requests oral argument. For the reasons that follow, the Court will grant the motions in part.

**I.  Background.**

For purposes of this motion, Plaintiff's factual allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff was hired as a police officer for the City of San Luis Police Department in 1995. Doc. 92 ¶ 15. He received various promotions and ultimately reached the rank of Commander. *Id.* ¶ 17. In 2014, San Luis

Police Chief Arturo Ramos took a leave of absence, and Plaintiff became the Acting Chief of Police. *Id.* ¶¶ 17-20. Chief Ramos had a standing order that any San Luis police officer who had on-duty contact with any person who was widely known, celebrated, or politically connected, should report the contact to the Chief. *Id.* ¶ 18.

On January 21, 2014, a San Luis police officer issued a traffic citation to Luz Harper, the wife of City Council Member Joe Harper. *Id.* ¶ 21. Within minutes, Councilman Harper contacted on-duty police lieutenant Ernesto Lugo, allegedly to complain about the ticket. *Id.* ¶ 22. Lugo advised Plaintiff of the ticket, and Plaintiff retrieved the citation and kept it in his office unprocessed for several months. *Id.* ¶¶ 23-24. On August 4, 2014, David Lara, a private citizen, requested a copy of the citation, identifying the offender's name, ticket number, offense, and date. *Id.* ¶ 28. Plaintiff found the ticket in his office, noted that it was over six months old and thus legally void, and dismissed it before providing a copy to Lara. *Id.* ¶ 29. The City Manager and City Council commenced an administrative investigation into the incident. *Id.* ¶ 30. The hearing officer for employment termination appeals, Ellen Van Riper, held an administrative hearing on December 11, 2014, and issued a termination recommendation. *Id.* ¶¶ 33-35.

## II.  Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III. Analysis.**

Plaintiff alleges that Defendants violated his Fourteenth Amendment due process rights by depriving him of a protected property interest in his employment without sufficient pre-termination and post-termination proceedings. Doc. 92 ¶¶ 38, 42-45. Plaintiff appears to allege that other statutory and state constitutional rights were violated, but does not state any cause of action based on these rights. *Id.* ¶¶ 55, 58-60.

**A. Defendant Lara's Motion.**

Defendant Lara argues that the complaint must be dismissed because it lacks specific facts showing that he conspired with state actors to deprive Plaintiff of a protected right. Doc. 94. Defendant equates his conduct with that of a complainant who triggers a prosecution, and argues that such an action does not automatically trigger conspiracy liability. Doc. 102 at 3-5.

Plaintiff alleges Lara's participation in at least four overlapping conspiracies. *See* Doc. 92 ¶¶ 9-12. Lara allegedly teamed with Defendants Sanchez, Alvarez, Harper, De La Hoya, and Velez to terminate Plaintiff's employment. *Id.* Overt acts allegedly committed in furtherance of these conspiracies include: (1) requesting a record of the traffic ticket, (2) publicly disseminating the ticket information, (3) removing the ticket from Plaintiff's office, (4) replacing the ticket in Plaintiff's office, (5) limiting the scope of the subsequent investigation, (6) arranging a bogus termination hearing, and (7) withholding exculpatory evidence from Plaintiff. *Id.*

"Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quotation marks and citation omitted). To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution or laws of the United States, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a § 1983 claim "is proper if

the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe*, 789 F.3d at 1036.

A person acts under color of state law if he exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (quotation marks omitted). This requirement generally limits § 1983 suits to claims against public officials. To establish that a private individual, like Lara, acted under color of state law, a plaintiff must show that the individual "conspired or acted jointly with state actors to deprive the plaintiff[] of [his] constitutional rights.'" *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783 (9th Cir. 2001) (citing *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989)). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must plead evidence of "an agreement or meeting of the minds to violate constitutional rights." *Radcliffe*, 254 F.3d at 783 (quoting *Phelps Dodge*, 865 F.2d at 1540-41).

The second amended complaint cures the deficiencies in the prior pleading. It describes the members, objects, and overt acts of four alleged conspiracies to terminate Plaintiff's employment. What is more, Plaintiff alleges that Lara's role in those conspiracies included an overt act: his request for a record of the traffic ticket. Doc. 92 ¶¶ 9, 11-12, 28. The fact that the record request was lawful does not prevent a finding that it was part of an illegal conspiracy to terminate Plaintiff. Plaintiff provides more than a mere allegation of the existence of a conspiracy.

Lara's reliance on *Radcliffe* and *Phelps Dodge* is misplaced. In those cases, the Ninth Circuit considered the sufficiency of evidence for the purposes of summary judgment. *Radcliffe*, 254 F.3d at 777; *Phelps Dodge*, 865 F.2d at 1539. Plaintiff need not meet the summary judgment standard to defeat a Rule 12(b)(6) motion. What is more, the *Radcliffe* defendants are distinguishable from Lara. The Ninth Circuit found no evidence of a conspiracy from the mere fact of a citizen's complaint to a local prosecutor. *Radcliffe*, 254 F.3d at 783-84. Plaintiff pleads more than the fact of Lara's request – he

alleges the members, objects, and overt acts of the alleged conspiracies. The Court will deny Lara's motion to dismiss.

### B. City Defendants' Motion.

The City has filed a motion to dismiss on behalf of the remaining Defendants, who were all City employees at the time in question. Because the arguments for dismissal vary, the Court will address each Defendant in turn.

#### 1. City of San Luis.

Under § 1983, municipalities may not be held vicariously liable for violations of constitutional rights committed by employees. *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1158 (9th Cir. 2014). "[W]hile a municipality may not be held liable under § 1983 for the torts of its employees on a theory of *respondeat superior,* liability may attach where the municipality *itself* causes the constitutional violation through the execution of an official policy, practice or custom." *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) (emphasis in original). Additionally, a municipality may be held liable "where the failure to train [its employees] amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Court dismissed the first amended complaint because its allegations were:

> insufficient to establish that the City of San Luis has a policy, practice, or custom that violated Plaintiff's constitutional rights. While he provides a conclusory legal allegation that such a policy, practice, or custom exists, he provides no factual support. He does not provide any example of other individuals who were terminated "to protect the elected officials from the consequences of their misconduct." Nor does he allege how the city officials have allowed elected officials to directly control city employees, or allege any examples of city officials covering up improper contacts between politicians and employees, or even any such improper contacts. He does not discuss his conclusory assertion of the City officials' deliberate indifference to Plaintiff's rights in the hiring, training, retention, discipline and supervision of City employees. Plaintiff's conclusory contentions and minimal factual allegations do not allow the Court to infer that the City of San Luis plausibly has a policy, practice, or custom that has violated his Fourteenth Amendment rights.

Doc. 89 at 14-15.

The City now argues that the only material addition to the second amended complaint fails to overcome the deficiencies the Court identified. Doc. 95 at 4-5. Plaintiff makes only one relevant addition:

> In this case a sitting councilman, Joe Harper, directly contacted a police lieutenant to influence the handling of a traffic ticket received by Harper's wife. In other cases, the council members have directly contacted the city parks department, building department and streets departments [sic] giving direct orders to the employees.

Doc. 92 ¶ 7. But this allegation says nothing about a City practice related to Plaintiff's claim of wrongful termination, nor does it say anything about the actual actions of the City in this case.

Plaintiff argues in his response to the motion to dismiss that the City has a policy of destroying evidence favorable to employees in order to prevent its use at termination hearings. Doc. 100 at 5. But the amended complaint makes no such allegation, and Plaintiff pleads no facts to suggest that the unavailability of evidence in his case was the result of a City policy, practice, or custom. *See* Doc. 92 ¶ 39. Because Plaintiff again has failed to allege that the City itself caused the constitutional violation he asserts, the Court will dismiss the complaint against the City.

### 2. Sanchez and Velez.

Defendant Sanchez was the mayor of San Luis and Defendant Velez was the city manager. *Id.* ¶¶ 9, 11. Plaintiff sued Sanchez and Velez only in their official capacities in the first amended complaint, and this Court dismissed them as redundant Defendants. Doc. 89 at 15-16. Plaintiff now sues these Defendants in their individual capacities. Doc. 92 ¶¶ 9, 11. They argue that the statute of limitations has expired, preventing this change in status. Doc. 95 at 5-7. Plaintiff does not address the statute of limitations in his response, but simply contends that Rule 15 permits his amendment to relate back to the date of the original complaint. Doc. 100 at 8.

Plaintiff's attempt to change the status of Sanchez and Velez amounts to a change in party for the purposes of Rule 15. *Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1995). Rule 15 permits relation back only when the new party "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). Plaintiff identified Sanchez and Velez by name when he chose to sue them in their official capacities in the first amended complaint. He did so while simultaneously suing other Defendants in their official and individual capacities. And Plaintiff does not allege that there was any mistake of identity. The Court accordingly concludes that new claims against Sanchez and Velez in their individual capacities do not relate back to the filing of the original complaint, and Plaintiff does not dispute that the statute of limitations bars the claims if relation back is not allowed. The Court will likewise dismiss the complaint against these Defendants in their official capacities for the reason described in the prior order. *See* Doc. 89 at 15-16.

### 3. De La Hoya and Alvarez.

Defendant De La Hoya was the City's Director of Operations and Defendant Alvarez was a San Luis police officer. Doc. 92 ¶ 12. They argue that the complaint must be dismissed because it lacks specific facts showing that they deprived or conspired to deprive Plaintiff of a protected right. Doc. 95 at 10-11.

Plaintiff alleges De La Hoya's participation in two overlapping conspiracies. *Id.* ¶¶ 10, 12. De La Hoya allegedly teamed with Defendants Lara, Harper, Velez, Sanchez, and Alvarez to terminate Plaintiff's employment. *Id.* Overt acts committed in furtherance of these conspiracies include: (1) publicly disseminating the ticket information, (2) removing the ticket from Plaintiff's office, (3) replacing the ticket in Plaintiff's office, (4) arranging a bogus termination hearing, and (5) withholding exculpatory evidence from Plaintiff. *Id.*

Plaintiff similarly alleges Alvarez's participation in four overlapping conspiracies. *See* Doc. 92 ¶¶ 9-12. Alvarez allegedly teamed with Defendants Sanchez, Lara, Harper,

De La Hoya, and Velez to terminate Plaintiff's employment. *Id.* In addition to those listed in the preceding paragraph, overt acts allegedly committed in furtherance of these conspiracies include: (1) requesting a record of the traffic ticket, and (2) limiting the scope of the subsequent investigation. *Id.* Alvarez allegedly participated in these conspiracies to become police chief and protect Harper. *Id.* ¶ 12. He was rewarded for his participation with a promotion. *Id.*

De La Hoya and Alvarez do not dispute that the allegations, if true, would constitute a deprivation of Plaintiff's procedural due process rights. They only contend that the complaint lacks factual specificity. "A mere allegation of conspiracy without factual specificity is insufficient," *Karim-Panahi*, 839 F.2d at 626, but the second amended complaint does not limit itself to the existence of a conspiracy. It describes the members, objects, and overt acts of the alleged conspiracies to terminate Plaintiff's employment. The complaint's failure to specifically allege that Alvarez or De La Hoya committed an overt act in furtherance of the conspiracies does not defeat a conspiracy claim. The Plaintiff's allegations, taken as true, suggest that they agreed with specific coconspirators to terminate Plaintiff's employment. This states a plausible claim. The Court will deny the motion to dismiss as to De La Hoya and Alvarez.

**4. Lugo.**

Defendant Lugo was a police lieutenant for the City of San Luis. Doc. 92 ¶ 13. The Court dismissed the first amended complaint against him because the alleged conduct – agreeing to "fix" the ticket and removing it from Plaintiff's office – does not constitute a deprivation of Plaintiff's constitutional rights. Doc. 89 at 16-17. Defendant argues that the second amended complaint must be dismissed for the same reason. Doc. 95 at 11.

The only relevant change in the second amended complaint is the substitution of a few words: it now alleges that "Mr. Harper *conspired with police lieutenant Ernesto Lugo* . . . to have a traffic ticket 'fixed' for his wife and directed . . . Lugo to attend to the matter." Doc. 92 ¶ 10 (emphasis added). *Compare* Doc. 92 ¶ 10 ("conspired with police

- 8 -

lieutenant Ernesto Lugo") *with* Doc. 7 ¶ 19 ("directly contacted the police department"). Rebranding the allegation as a conspiracy to "fix" a ticket does not cure the deficiency. Plaintiff's allegations do not show that Lugo – through a conspiracy or otherwise – violated Plaintiff's procedural due process rights by "fixing" a traffic ticket. The Court has already addressed this issue. *See* Doc. 89 at 16-17. The Court will therefore dismiss the complaint against Lugo.

### 5. Gimbut.

Defendant Gimbut was the City Attorney. Doc. 92. He argues that the second amended complaint actually has fewer allegations than those the Court found insufficient in the first amended complaint. Doc. 95 at 13-14. Plaintiff alleges that Gimbut: (1) permitted politicians to interact with and control City employees (Doc. 92 ¶ 7), (2) directed the hearing officer to "obtain an unjust result" for Plaintiff (*id.* ¶¶ 8, 32), and (3) ratified the conspiracy to terminate Plaintiff's employment (*id.* ¶ 10). The Court finds no material additions to the Gimbut allegations, and will dismiss the amended complaint against Gimbut for the reasons set forth in the prior order. *See* Doc. 89 at 18.

### 6. Van Riper.

Defendant Van Riper was the hearing officer who presided over Plaintiff's termination hearing. Doc. 92 ¶¶ 33-35. She argues that the second amended complaint lacks specific facts showing that she deprived or conspired to deprive Plaintiff of a protected right. Doc. 95 at 12. Plaintiff contends that this Court already upheld the factual sufficiency of the claims against Van Riper, but the Court did no such thing – it addressed two arguments unrelated to the factual sufficiency of Plaintiff's allegations. Doc. 89 at 5-9.[1]

Plaintiff alleges that Van Riper "received impermissible direction from city staff as to the scope of the case against Plaintiff and the evidence to be adduced at his trial."

---

[1] Because Van Riper filed an answer to the first amended complaint (Doc. 90), the Court will consider her arguments as a motion for judgment on the pleadings pursuant to Rule 12(c). Plaintiff does not object to the Court doing so. Rule 12(c) is functionally identical to Rule 12(b)(6), and the same standard applies to motions brought under either rule. *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

Doc. 92 ¶ 8. "She consulted with and was directed by the City's Attorney and City Managers throughout this matter to obtain an unjust result from the termination hearing." *Id.* She ultimately "limited the scope of the evidence presented at the hearing because she was made biased by the City Administration and City Attorney." *Id.* ¶ 32. After the hearing, she recommended Plaintiff's termination. *Id.* ¶¶ 33-35.

Plaintiff provides no factual allegations to support his contention that city staff improperly controlled Van Riper or caused her to be biased. Instead, he merely asserts that Van Riper conferred with the City Attorney and City Managers and "received impermissible direction from city staff as to the scope of the case against Plaintiff and the evidence to be adduced at his trial." Doc. 92 ¶ 8. What is more, Plaintiff fails to explain how Van Riper limited the scope of the evidence presented at the hearing or even describe the evidence she excluded. The lack of factual allegations against Van Riper means that the Court cannot "infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. The Court will dismiss the complaint against Van Riper.[2]

### 7. Harper.

Defendant Harper was a member of the San Luis City Council. Doc. 92 ¶ 10. He argues that the second amended complaint lacks specific facts showing that he deprived or conspired to deprive Plaintiff of a protected right. Doc. 95 at 9-10. Plaintiff counters by emphasizing that Harper participated in a conspiracy to terminate Plaintiff's employment. Doc. 100 at 6-7.

Plaintiff alleges that "Mr. Harper conspired with police lieutenant Ernesto Lugo . . . to have a traffic ticket 'fixed' for his wife and directed . . . Lugo to attend to the matter." Doc. 92 ¶ 10. For the reasons described above and in this Court's prior order, this alleged conspiracy does not state a plausible claim. *See* Doc. 89 at 16-17. Plaintiff also alleges that Harper voted to uphold Plaintiff's termination. Doc. 92 ¶ 10. This likewise does not state a plausible claim. *See* Doc. 89 at 12-13.

---

[2] Van Riper also argues that she cannot be held liable because she only recommended Plaintiff's dismissal. Doc. 95 at 13. The Court has not considered this argument because the factual deficiency provides an independent reason to dismiss.

Plaintiff separately alleges that Harper conspired with Defendants Alvarez, De La Hoya, Velez, and Lara to terminate Plaintiff's employment by arranging a bogus termination hearing and making exculpatory evidence unavailable for Plaintiff's defense. Doc. 92 ¶ 10. Specifically, Plaintiff alleges that the City made his email, working papers, and calendar unavailable for use in his defense. *Id.* ¶ 39. Plaintiff also contends that Harper purposely steered the investigation away from his own misconduct and toward that of Plaintiff. *Id.* ¶ 30.

Harper does not dispute that these allegations, if true, would constitute a deprivation of Plaintiff's procedural due process rights. He contends only that the complaint lacks factual specificity. Doc. 95 at 9-10. But the second amended complaint does not limit itself to the mere existence of a conspiracy; it describes the members, objects, and overt acts of the alleged conspiracy to terminate Plaintiff's employment. What is more, Plaintiff alleges that Harper's role included an overt act: his direction to limit the investigation to the conduct of Plaintiff and another police officer. Plaintiff's allegations, taken as true, suggest that Harper agreed with specific coconspirators to terminate Plaintiff's employment, and specific overt acts were taken in furtherance of this conspiracy. This states a plausible claim. The Court accordingly will deny the motion to dismiss as to Harper.

**IT IS ORDERED:**

1. Defendant Lara's motion to dismiss (Doc. 94) is **denied.**
2. City Defendants' motion to dismiss (Doc. 95) is **granted in part** and **denied in part**. The motion is **granted** as to Defendants City of San Luis, Gimbut, Lugo, Sanchez, Van Riper, and Velez, and is **denied** as to Defendants Alvarez, De La Hoya, and Harper.

Dated this 25th day of October, 2017.

_____
David G. Campbell
United States District Judge